J-S58025-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICARRIO JAMEEK JONES | : | |
| | : | |
| Appellant | : | No. 454 WDA 2019 |

Appeal from the Judgment of Sentence Entered August 16, 2018
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0003518-2014

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and DUBOW, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JANUARY 06, 2020**

Appellant, Ricarrio Jameek Jones, appeals *nunc pro tunc* from the judgment of sentence of an aggregate term of 7½-15 years' imprisonment. Appellant challenges whether he freely, knowingly, and intelligently entered his guilty plea, and contends that his sentence is manifestly excessive. Furthermore, Appellant's counsel, Emily M. Merski, Esq., seeks to withdraw her representation of Appellant pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We grant Attorney Merski's petition to withdraw and affirm Appellant's judgment of sentence.

> Attorney Merski provides the following synopsis of this case:
>
> On November 5, 2014, … Appellant was charged with Aggravated Assault (18 Pa.C.S. § 2702(a)(1)), Discharge of a Firearm [i]nto Occupied Structure (18 Pa.C.S. § 2707.1(a)), Receiving Stolen Property (18 Pa.C.S. § 3925(a)), Possession of a Firearm Prohibited (18 Pa.C.S. § 6105(a)(1)), Firearms Not to be Carried

Without a License (18 Pa.C.S. § 6106(a)(1)), Possession of an Instrument of Crime (18 Pa.C.S. § 907(a)), Recklessly Endangering Another Person (18 Pa.C.S. § 2705), Terroristic Threats (18 Pa.C.S. § 2706(a)(1)), and Criminal Attempt–Criminal Homicide (18 Pa.C.S. § 901(a)).

On September 18, 2015, … Appellant appeared before the Honorable John Garhart of the Erie County Court of Common Pleas for a jury trial. Following the close of evidence, the jury returned a verdict of hung as to the charges for Aggravated Assault and Criminal Attempt-Criminal Homicide. The jury found … Appellant guilty of the remaining charges, with the exception of Receiving Stolen Property where a judgment of acquittal was granted by the trial court.

On January 6, 2016, … Appellant entered a plea of guilty to Aggravated Assault. Said plea was withdrawn on the record on January 12, 2016.

On June 15, 2018, Appellant entered a plea of guilty to Aggravated Assault.

On August 16, 2018, … Appellant was sentenced to an aggregate period of [7½-15 years] of incarceration. No post-sentence motion or notice of appeal was … filed.

On October 23, 2018, … Appellant filed a *pro se* ["]Application for Leave of Court to File Optional Post-Sentencing Motion *Nunc Pro Tunc* and Reinstatement of Appellate Rights.["] The trial court recognized this filing as a [p]etition [pursuant to the] Post-Conviction Relief [Act] (PCRA)[1] and a Supplemental PCRA Petition was filed on February 22, 2019. On March 18, 2019, … Appellant's right to direct appeal was reinstated by the trial court. A timely Notice of Appeal followed.

*Anders* Brief at 5-6.

After Appellant filed his timely notice of appeal *nunc pro tunc*, the trial court directed him to file a Pa.R.A.P. 1925(b) concise statement of errors

---

[1] 42 Pa.C.S. §§ 9541-9546.

complained of on appeal, and he timely complied. Thereafter, the trial court issued its Rule 1925(a) opinion.

On August 30, 2019, Attorney Merski filed a petition to withdraw as counsel and an *Anders* brief, wherein she raised the following issues:

> I. Whether the trial court committed an abuse of discretion in accepting … Appellant's plea of guilty when … Appellant did not enter the plea freely, knowingly and intelligently?

> II. Whether … Appellant's sentence is manifestly excessive, clearly unreasonable and inconsistent with the objective[s] of the Pennsylvania Sentencing Code?

*Anders* Brief at 4 (unnecessary capitalization and emphasis omitted).

Attorney Merski determines that this appeal is wholly frivolous. Accordingly,

> this Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. *Commonwealth v. Goodwin,* 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

> Prior to withdrawing as counsel on a direct appeal under *Anders,* counsel must file a brief that meets the requirements established by our Supreme Court in *Santiago.* The brief must:

> > (1) provide a summary of the procedural history and facts, with citations to the record;

> > (2) refer to anything in the record that counsel believes arguably supports the appeal;

> > (3) set forth counsel's conclusion that the appeal is frivolous; and

> > (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

> *Santiago,* 978 A.2d at 361. Counsel also must provide a copy of the *Anders* brief to [her] client. Attending the brief must be a

letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

**Commonwealth v. Orellana**, 86 A.3d 877, 879-80 (Pa. Super. 2014). After determining that counsel has satisfied these technical requirements of **Anders** and **Santiago**, this Court must then "conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." **Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

In the case *sub judice*, Attorney Merski's **Anders** brief complies with the above-stated requirements. Namely, she includes a summary of the relevant factual and procedural history, she refers to portions of the record that could arguably support Appellant's claims, and she sets forth her conclusion that Appellant's appeal is frivolous. She also explains her reasons for reaching that determination, and supports her rationale with citations to the record and pertinent legal authority. Attorney Merski also indicates that she has provided Appellant with a copy of her **Anders** brief. Additionally, she attached a letter directed to Appellant to her petition to withdraw, in which she informed Appellant of the rights enumerated in **Nischan**. Accordingly, counsel complied with the technical requirements for withdrawal. We will now independently review the record to determine if Appellant's issues are frivolous, and to ascertain if there are any other, non-frivolous issues he could pursue on appeal.

- 4 -

First, Appellant argues that his guilty plea was not made freely, knowingly, or voluntarily. *See Anders* Brief at 9-10. "A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Failure to employ either measure results in waiver." *Commonwealth v. Lincoln*, 72 A.3d 606, 609-10 (Pa. Super. 2013) (citation omitted). Here, the record indicates that Appellant did not make an objection during the plea colloquy or file a timely motion to withdraw his plea. As a result, Appellant has waived this claim.

Second, Appellant contends that his sentence is manifestly excessive, clearly unreasonable and inconsistent with the objectives of the Pennsylvania Sentencing Code. *Anders* Brief at 11-15. However, our review of the record demonstrates that Appellant also failed to raise this claim at sentencing or in a post-sentence motion. *See Commonwealth v. Ahmad*, 961 A.2d 884, 886 (Pa. Super. 2008) ("A challenge to an alleged excessive sentence is a challenge to the discretionary aspects of a sentence. Issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived.") (citations omitted). Accordingly, he has waived this issue as well.[2]

_____

[2] It is apparent from the record that Appellant believes that his plea counsel coerced him into pleading guilty and failed to pursue certain relief on his

- 5 -

Petition to withdraw granted.  Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date:  1/6/2020

---

behalf.  Furthermore, we recognize that Attorney Merski neglected to ensure that Appellant's post-sentence motion rights were restored *nunc pro tunc*, despite Appellant's indications to her that he wanted to withdraw his plea.  We note that Appellant can file a timely petition under the PCRA challenging the effectiveness of his counsel within one year of the date his judgment of sentence becomes final.  **See** 42 Pa.C.S. § 9545(b)(1).